Lauren A. Dean (SBN 174722)
**MAGNANIMO DEAN LAW, APC**
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 305-3450
Lauren@MagDeanLaw.com

Thomas J. McKenna
**GAINEY McKENNA & EGLESTON**
501 Fifth Avenue, 19th Floor
New York, NY  10017
(212) 983-1300
tjmckenna@gme-law.com

*Attorneys for Plaintiff Naren Suri*

Harry A. Olivar, Jr.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

*Attorneys for C3.ai, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAREN SURI, Derivatively on Behalf of C3.AI, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS M. SIEBEL, PATRICIA A. HOUSE, RICHARD LEVIN, MICHAEL G. MCCAFFERY, CONDOLEEZZA RICE, S. SHANKAR SASTRY, BRUCE SEWELL, STEPHEN M. WARD JR., LISA A. DAVIS, JIM H. SNABE, AND DAVID BARTER, <br><br> Defendants, <br><br> and, <br><br> C3.AI, INC., <br><br> Nominal Defendant. | Civil Action No: 4:22-cv-3031-HSG <br><br><br> **STIPULATION AND ORDER TO STAY DERIVATIVE ACTION** |

Plaintiff Naren Suri ("Plaintiff"), derivatively on behalf of C3.ai ("C3 AI" or "the Company"), and Thomas M. Siebel, Patricia A. House, Richard Levin, Michael G. McCaffery, Condoleezza Rice, S. Shankar Sastry, Bruce Sewell, Stephen M. Ward Jr., Lisa A. Davis, Jim H. Snabe, and David Barter ("Individual Defendants, and with Nominal Defendant C3 AI, "Defendants," and collectively with Plaintiff, the "Parties") jointly submit this Stipulation to temporarily Stay the Derivative Litigation ("Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiff Suri filed an action captioned *Suri v. Siebel, et al.*, Civil Action No. 3:22-cv-3031 (N.D. Cal.) purportedly in the right, and for the benefit of C3 AI against all Individual Defendants alleging against the Individual Defendants, among other things, breach of fiduciary duties and violations of Section 10(b) and 21D of the Securities Exchange Act of 1934 ("Exchange Act") that allegedly caused harm to C3 AI (the "Derivative Action");

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *The Reckstin Family Trust v. C3.ai, Inc., et. al.*, Civil Action No. 4:22-cv-1413 (the "Securities Action");

WHEREAS, there is overlap between the facts and circumstances alleged in the Derivative Action and the Securities Action, including the relevance of many of the same documents and witnesses;

WHEREAS, C3 AI, Thomas M. Siebel, David Barter, Patricia A. House, Richard Levin, Michael G. McCaffery, Condoleezza Rice, S. Shankar Sastry, Bruce Sewell, and Stephen M. Ward, Jr., named defendants in the Derivative Action, are also named as defendants in the Securities Action (the "Securities Action Defendants");

WHEREAS, the Securities Action Defendants anticipate filing a motion to dismiss in the Securities Action for failure to state a claim;

WHEREAS, in order to promote economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Derivative Action and the Securities Action, and in light of the stay of discovery that will apply pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") following the filing of a motion to dismiss in

the Securities Action, the Derivative Action should be voluntarily stayed on the terms set forth below pending resolution of the Securities Action;

WHEREAS, undersigned counsel for Defendant C3 AI is arranging for the Individual Defendants to retain counsel and to accept service of the summons and complaint in the Derivative Action, but more time is needed to arrange same;

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1.      Defendant C3 AI hereby accepts service of the Summons and Complaint in this Derivative Action.

2.      The time for Plaintiff to serve the Individual Defendants under Rule 4 of the Federal Rules of Civil Procedure is tolled during the pendency of the stay.

3.      The Derivative Action shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court and all current Court dates and deadlines are vacated.

4.      Defendant C3 AI shall promptly notify Plaintiff upon becoming aware of any derivative actions or of any Section 220 demands or litigation demands related to the facts and circumstances alleged in the Derivative Action and the Securities Action.

5.      The Parties agree that during the pendency of the stay, Defendant C3 AI shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Action, and shall make a good faith effort to include Plaintiff in any mediation or settlement talks with the plaintiff in the Securities Action.  In the event that Defendant's good faith efforts do not result in including Plaintiff in the mediation with plaintiff in the Securities Action, then Defendant agrees to mediate with Plaintiff in the Derivative Action at or about the same time. The Parties further agree that Defendant shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation or settlement talks.  Plaintiff's ability to attend and participate in any mediation or formal settlement meeting is contingent upon his agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement meeting.

6.     The Parties agree that notwithstanding a stay of this Derivative Action, Plaintiff may file an amended complaint; however, the defendants named in the current complaint, or any amended complaints, need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in, or consolidated with, the above-captioned action during the pendency of the stay.

7.     In the event that, during the pendency of the stay, Defendant produces in the Securities Action, or in any related derivative litigation, or pursuant to any stockholder demand for an inspection of books and records on behalf of C3 AI, any documents that relate to the subject matter of the Complaint, then copies of such documents shall be provided to Counsel for Plaintiff within thirty (30) days of such production, subject to the execution by Plaintiff of a reasonable confidentiality agreement governing the use and disclosure of these materials.  Plaintiff hereby agrees that copies of any documents provided to him pursuant to this paragraph 6 shall be deemed incorporated by reference into any future amended or consolidated complaint, provided that copies of such documents are in Plaintiff's possession prior to the filing of such amended or consolidated complaint and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

8.     In the event that any depositions take place in the Securities Action during the pendency of the stay (other than depositions of plaintiffs in the Securities Action), Defendant shall either, at its sole and absolute discretion on a witness-by-witness basis: (i) invite Plaintiff to attend and participate in such depositions, or if Plaintiff declines to attend and participate in said deposition, (ii) provide Plaintiff copies of the transcripts of such depositions and the exhibits used during such depositions.  If Plaintiff attends and participates in a deposition in the Securities Action, then Plaintiff shall be precluded from deposing that witness in the Derivative Action or any future consolidated derivative action that includes the Derivative Action.  Plaintiff hereby agrees that copies of any transcripts or exhibits provided to him pursuant to this Paragraph 7 shall be deemed incorporated by reference into any future amended or consolidated complaint in the Derivative Action to the extent that copies of such documents are in Plaintiff's possession prior to the filing of such future amended or consolidated complaint, and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

9. The Parties agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendant via email.

10. Except as provided herein, the Derivative Action is hereby stayed in its entirety and shall remain stayed pending resolution of the Securities Action. Notwithstanding the foregoing, the parties hereto may agree to lift the stay, in whole or in part, in a written stipulation filed with the Court, and, for good cause and (except in exigent circumstances) on thirty (30) days' prior written notice to all other Parties, any Party may move the Court to lift the stay, subject to the other Parties' right to oppose such motion or to seek to extend the stay. If the stay is not lifted earlier, then the stay will expire when the Securities Action is finally resolved or otherwise concluded via a settlement or judgment at the U.S. District Court level. The parties shall inform the Court within thirty (30) days following resolution of the Securities Litigation.

11. Within thirty (30) days of the termination of this stay, counsel for the Parties shall meet and confer concerning a schedule for further proceedings.

12. The parties to this Derivative Litigation are not waiving any rights, claims, or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

13. This Order shall remain in effect until further order of this Court.

DATED: August 22, 2022

**MAGNANIMO DEAN LAW, APC**
*/s/ Lauren A. Dean*

By:   LAUREN A. DEAN (SBN 174722)
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone: (818) 305-3450
Facsimile: (818) 305-3451
Email: Lauren@MagDeanLaw.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*

DATED: August 22, 2022                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By: */s/ Harry A. Olivar, Jr.*
                                              Harry A. Olivar, Jr.
                                              865 S. Figueroa Street, 10th Floor
                                              Los Angeles, CA 90017
                                              (213) 443-3000
                                              harryolivar@quinnemanuel.com

                                          *Attorneys for C3.ai, Inc.*

### Attestation Pursuant to Civil Local Rule 5-1(h)(3)

Pursuant to Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

                              */s/ Lauren A. Dean*
                              LAUREN A. DEAN (SBN 174722)


**PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.**

Dated: 9/7/2022

                              **HON. HAYWOOD S. GILLIAM, JR.**
                              **UNITED STATES DISTRICT JUDGE**